# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **YAHEEM JONES,** | **Case No. 1:25-cv-01979-GPG-** |
| Plaintiff, | **SBP** |
| v. | |
| **CITY AND COUNTY OF** | |
| **DENVER, et al.,** | |
| Defendants. | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff–Appellant **Yaheem Jones**, proceeding **pro se**, appeals to the **United States Court of Appeals for the Tenth Circuit** from the District Court's **Final Order** entered on **December 23, 2025** (ECF **No. 75**) by the Honorable **Gordon P. Gallagher**, United States District Judge, which **affirmed and adopted** the Magistrate Judge's Recommendation (ECF **No. 65**), **granted** Defendants' Amended Motion to Dismiss (ECF **No. 60**), **dismissed** all claims **without prejudice** on **Rooker–Feldman** grounds, **denied** Plaintiff's Motion for Leave to Amend (ECF **No. 71**) as futile, and **directed** the Clerk to close the case.

This appeal is taken pursuant to **28 U.S.C. § 1291** and **Fed. R. App. P. 3 and 4**, because the December 23, 2025 Order is a final decision disposing of all claims and terminating the action.

## IDENTIFICATION OF PARTIES AND COUNSEL

**Plaintiff–Appellant (Pro Se)**

**Yaheem Jones**

6150 N. Salida Street, Apt. 5-101

Denver, Colorado 80249

Phone: (202) 421-3179

Email: yaheem.jones25@gmail.com

**Defendants–Appellees**

**City and County of Denver; Denver Human Services; Kristin Crawford**

**Counsel for Defendants–Appellees:**

**Robert A. Wolf, Esq.**

Assistant City Attorney

Denver City Attorney's Office

201 W. Colfax Avenue, Department 1108

Denver, Colorado 80202

Email: Robert.Wolf@denvergov.org


## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. **Rooker–Feldman Doctrine - Independent Federal Injury**: Whether the District Court erred in dismissing this action for lack of subject-matter jurisdiction under the Rooker–Feldman doctrine where Appellant challenges **independent post-judgment enforcement conduct** by Colorado officials, rather than the validity of any underlying state-court child-support order, and where the relief sought would not require reversal, modification, or appellate review of a state-court judgment.

2. **Procedural Due Process - Deprivation Without Notice or Hearing**: Whether the District Court erred in dismissing Appellant's Fourteenth Amendment

procedural due-process claims alleging deprivation of protected liberty and property interests through administrative enforcement actions imposed without constitutionally adequate notice and a meaningful opportunity to be heard, in violation of **Bell v. Burson**, 402 U.S. 535 (1971).

3.      **Fair Credit Reporting Act - Government Furnisher Liability**: Whether the District Court erred in dismissing Appellant's Fair Credit Reporting Act claims under **15 U.S.C. § 1681s-2(b)**, where Appellant alleges that Defendants, acting as furnishers of credit information, failed to conduct reasonable investigations and continued reporting inaccurate information after receiving disputes, and where governmental entities are not categorically immune from FCRA liability under **Department of Agriculture Rural Development v. Kirtz**, 601 U.S. 1 (2024).

4.      **First Amendment Retaliation - Post-Filing Conduct**: Whether the District Court erred in dismissing Appellant's First Amendment retaliation claims where Appellant alleges that Defendants imposed retaliatory communication restrictions and adverse administrative measures in response to protected speech and petitioning activity, constituting independent constitutional injury unrelated to any state-court judgment.

5.      **Municipal Liability - Policy or Custom Under Monell**: Whether the District Court erred in dismissing Appellant's municipal-liability claims under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), where Appellant alleges that his constitutional and statutory injuries were caused by official policies, customs, or practices governing child-support enforcement and related administrative actions.

6.      **Independent Facial and As-Applied Constitutional Challenges**: Whether the District Court erred in dismissing Appellant's facial and as-applied constitutional challenges to **C.R.S. §§ 14-5-507, 26-13-123, and 42-2-127.5**,

where those challenges present independent federal questions that do not require invalidation of any state-court judgment.

7.    **Leave to Amend - Rule 15(a) and Futility Analysis**: Whether the District Court erred in denying Appellant's Motion for Leave to Amend as futile based solely on Rooker–Feldman, without properly considering whether the proposed Second Amended Complaint plausibly alleged independent federal claims and post-judgment misconduct, contrary to the liberal amendment standard of **Fed. R. Civ. P. 15(a)(2)**.

8.    **Collateral Federal Claims Not Barred by Rooker–Feldman**: Whether the District Court erred in failing to apply the settled principle that Rooker–Feldman does not bar federal claims that are **collateral to and independent of** a state-court judgment, even where success on those claims may incidentally affect the enforcement of that judgment.

9.    **Failure to Conduct Required De Novo Review Under Rule 72(b)(3)**: Whether the District Court committed reversible procedural error by failing to conduct the **de novo review** required under **Fed. R. Civ. P. 72(b)(3)** and **28 U.S.C. § 636(b)(1)** of Appellant's specific objections to the Magistrate Judge's Recommendation, instead resolving the case solely on Rooker–Feldman grounds while disregarding objections supported by controlling Supreme Court and Tenth Circuit precedent, including **Department of Agriculture Rural Development v. Kirtz**, 601 U.S. 1 (2024); **Verizon Maryland Inc. v. Public Service Commission**, 535 U.S. 635 (2002); and **Skinner v. Switzer**, 562 U.S. 521 (2011).


Dated: **December 27, 2025**

Respectfully submitted,

/s/ **Yaheem Jones**

**Yaheem Jones, Pro Se**

6150 N. Salida Street, Apt. 5-101

Denver, Colorado 80249

Phone: (202) 421-3179

Email: yaheem.jones25@gmail.com

## CERTIFICATE OF SERVICE

I certify that on **December 27, 2025**, I filed the foregoing **Notice of Appeal** with the Clerk of the United States District Court for the District of Colorado using the **CM/ECF** system, which will transmit notice of electronic filing to all counsel of record who are registered CM/ECF users.

/s/ **Yaheem Jones**

**Yaheem Jones, Pro Se**